RAYMOND KNIGHT V. THE STATE.

No. 19168.   Delivered November 24, 1937.

The opinion states the case.

*Alex P. Pope* and *A. U. Puckett,* both of Tyler, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, confinement in the penitentiary for twenty-five years.

It was charged in the indictment, in substance, that appellant, with malice aforethought, killed Manuel Myer by shooting him with a gun.

The homicide occurred on the 11th of July, 1931. An investigation by the grand jury failed to immediately disclose the offender. On the 12th of November, 1936, the investigation was reopened and an indictment returned against the appellant. On the trial, the State introduced witnesses who testified that appellant had declared to them that he and another had killed deceased in the perpetration of robbery. Other witnesses testified that shortly prior to the homicide appellant had requested

them to aid him in robbing deceased. Shortly after deceased had been killed, according to the version of State's witnesses, appellant returned home with a pistol and hid in the attic. He requested the inmates of the house not to disclose his whereabouts to the officers. Other circumstances were proven which corroborated appellant's confession.

Bill of exception No. 1 relates to the action of the court in overruling appellant's application for a continuance. The application was not sworn to by appellant, as required by Art. 545, C. C. P. It follows that it was properly overruled.

Several bills of exception relate to testimony of witnesses to the effect that appellant requested them to participate in the robbery of deceased. There was no error in overruling appellant's objection to such testimony.

Bill of exception No. 4 relates to alleged newly discovered evidence. As qualified by the trial judge, the bill shows that one of counsel for appellant knew of the alleged new testimony long before the trial. In short, as qualified, the bill shows that the testimony in question was not newly discovered.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.